**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
CHRISTOPHER R. FREDRICH (SBN 266471)
Email: christopher.fredrich@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS SUCCESSOR
TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR THE STRUCTURED ASSET
MORTGAGE INVESTMENTS II TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-AR6

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| ALLANA BARONI,<br><br>Debtor and Debtor in Possession. | Case No. 1:12-bk-10986-AA<br><br>Chapter 11<br><br>Adv. No. 1:13-ap-01072-AA |
| ALLANA BARONI,<br><br>        Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR6,<br><br>        Defendant. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ADVERSARY COMPLAINT FILED BY DEFENDANT THE BANK OF NEW YORK MELLON; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6); FRBP 7012]<br><br>Date: August 7, 2013<br>Time: 10:00 a.m.<br>Crtrm: 303<br>      21041 Burbank Blvd<br>      Woodland Hills, CA 91367 |

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 7, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 303 of the above-entitled Court located at 21041 Burbank Boulevard, Woodland Hills, California 91367, defendant The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A. (**BNY**), as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006-AR6 (the **Trust**), will and hereby does move this Court to dismiss the first amended adversary complaint (**FAC**) filed by plaintiff Allana Baroni (**plaintiff**) with prejudice.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), and is based on the ground that plaintiff fails to state a claim upon which relief may be granted.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: July 11, 2013  **AKERMAN SENTERFITT LLP**

By: */s/ Christopher R. Fredrich*
Christopher R. Fredrich
Attorneys for Defendant
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A.,AS TRUSTEE FOR THE STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS.....................................................................................2

III. PLAINTIFF'S CLAIMS ARE DEFICIENT AND MUST BE DISMISSED WITH PREJUDICE .................................................................3

    A. Legal Standard ............................................................................................3

    B. BNY Is The Real Party In Interest Because It Is Entitled To Enforce The Note........................................................................................4

    C. Securitization Does Not Affect BNY's Right To Enforce The Note....6

        1. Plaintiff Lacks Standing To Challenge the Pooling and Servicing Agreement ......................................................................6

        2. Securitization Has No Effect on Plaintiff's Obligations .............7

        3. No Other Party Has Sought To Enforce This Lien......................8

    D. Plaintiff's Individual Causes Of Action All Fail...................................9

        1. Plaintiff's First Claim for Declaratory Relief Fails.....................9

        2. Plaintiff's Second Claim for Unjust Enrichment Fails ...............9

        3. Plaintiff's Third Claim for Violation of 15 U.S.C. § 1692 Fails...............................................................................................10

        4. Plaintiff's Fourth Claim Under *Business & Professions Code* § 17200, et seq. Fails ...............................................................12

IV. CONCLUSION ...................................................................................................13

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*
  988 F.2d 1157, 1160 (Fed. Cir. 1993)..................................................................................4

*Agbabiaka v. HSBC Bank USA Nat. Ass'n*
  No. C 09-05583 JSW, 2010 WL 1609974, at *5 (N.D. Cal. Apr. 20, 2010) .......10, 11

*Ashcroft v. Iqbal*
  129 S. Ct. 1937, 1949-52 (2009).........................................................................................4

*Bascos v. Fed. Home Loan Mortg. Corp.*
  No. CV 11-39680-JFW (JCx), 2011 WL 3157063, at *6 (CD. Cal. July 22, 2011) 6, 9

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 570 (2007) ....................................................................................................4

*Birdsong v. Apple, Inc.*,
  590 F.3d 955, 959-960 (9th Cir. 2009) ............................................................................12

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.*,
  20 Cal.4th 163, 180 (1999) ...............................................................................................12

*City of Hollister v. Monterey Ins. Co.*
  165 Cal.App.4th 455, 480 (2008) .......................................................................................9

*Clegg v. Cult Awareness Network*
  18 F.3d 752, 754-55 (9th Cir. 1994) ..................................................................................4

*Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*
  No. 10-CV-375, 2010 WL 4788209, at *2 (D. Utah Nov. 16, 2010).........................7

*Epstein v. Wash. Energy Co.*
  83 F.3d 1136, 1140 (9th Cir. 1996) ...................................................................................3

*Fuentes v. Deutsche Bank*
  No. 09 Civ. 502 JM (PCL), 2009 WL 1971610 (S.D.Cal. July 8, 2009) .....................10

*Gregory v. Albertson's, Inc.*,
  104 Cal.App.4th 845, 857 (2002) ....................................................................................12

*Heintz v. Jenkins*,
  541 U.S. 291, 294 (1995) ..................................................................................................10

*Hepler v. Wash. Mut. Bank, F.A.*,
  2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009) .....................................................10

*Ileto v. Glock Inc.*
  349 F.3d 1191, 1200 (9th Cir. 2003) ................................................................................4

*In re Correia*
  (1st Cir. 2012) 452 B.R. 319, 324.....................................................................................7

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Junger v. Bank of America*
(C.D. Cal. 2012) 2012 WL 603262 at *3............................................................................7

*Lane v. Vitek Real Estate Indus. Grp.*
713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)..................................................................8

*LaSalle Bank N.A. v. Lehman Bros. Holding, Inc.*
237 F.Supp.2d 618 (D.Md. 2002) ....................................................................................6

*LaSalle Bank N.A. v. Nomura Asset Capital Corp.*
180 F.Supp.2d 465 (S.D.N.Y. 2001)............................................................................6, 7

*Logvinov v. Wells Fargo Bank*
2011 WL 6140995, at *3 (N.D. Cal. 2011) ......................................................................7

*McBride v. Boughton*
123 Cal. App. 4th 379, 387 (2004) ..................................................................................9

*McGlinchy v. Shell Chem. Co.*
845 F.2d 802, 810 (9th Cir. 1988)....................................................................................4

*Mora v. Harley-Davidson Credit Corp.*
No. 08-01453, 2009 WL 1953433, at *2 (E.D. Cal. July 7, 2009)..................................4

*Navarro v. Block*
250 F.3d 729, 732 (9th Cir. 2001)....................................................................................3

*Neitzke v. Williams*
490 U.S. 319, 326 (1989)..................................................................................................3

*Nguyen v. Bank of Am. Nat'l Ass'n*
No. 11-3318, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) ................................8

*Nicosia v. Wells Fargo Bank*,
No. C 10-0398 PJH, 2010 WL 2720946, at *1 (N.D. Cal. July 7, 2010)....................11

*Papasan v. Allain*
478 U.S. 265, 286 (1986)..................................................................................................3

*Perry v. Stewart Title Co.*,
756 F.2d 1197, 1208 (1985)............................................................................................10

*Pineda v. Saxon Mortg. Servs., Inc.*,
No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008)
........................................................................................................................................11

*Reyes v. GMAC Mortg. LLC*
No. 11-0100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011)......................................7

*Robertson v. Dean Witter Reynolds, Inc.*
749 F.2d 530, 533-34 (9th Cir. 1984) ..............................................................................3

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal.4th 979, 993 (2004) ............................................................................................13

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{26698638;1}    iii    **CASE NO. 1:13-AP-01072-AA**
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ADVERSARY COMPLAINT FILED BY DEFENDANT THE BANK OF NEW YORK MELLON**

*Sami v. Wells Fargo Bank, et al.*
  (N.D. Cal. 2012) 2012 WL 967051 at *4-6 ................................................................... 7

*Schwartz v. KPMG LLP*
  476 F.3d 756, 763 (9th Cir. 2007) ............................................................................... 4

*Stansfield v. Starkey*
  220 Cal.App.3d 59 (1990) .......................................................................................... 13

*Thomas v. Law Firm of Simpson & Cyback*,
  392 F.3d 914, 916-917 (7th Cir. 2004) ...................................................................... 10

*U-Haul Int'l, Inc. v. Jartran, Inc.*
  793 F. 2d 1034, 1039 (9th Cir.1986) ........................................................................... 5

*Veal v. American Home Mortgage Servicing Inc.*
  450 BR 897 (BAP 9th Cir. 2011) .......................................................................5, 6, 7, 8

*W. Mining Council v. Watt*
  643 F.2d 618 (9th Cir. 1981) ........................................................................................ 3

*Walker v. Equity 1 Lenders Group*,
  No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) ...... 11

**Statutes**

15 U.S.C. § 1692a(6)(F)(iii) ................................................................................................ 10

*Business & Professions Code* § 17200 ............................................................................... 12

*Business & Professions Code* § 17204 ............................................................................... 12

*Civil Code* § 2937 ................................................................................................................ 11

UCC § 3-102 ........................................................................................................................... 5

UCC § 3-203 ........................................................................................................................... 5

UCC § 3-301 ........................................................................................................................... 5

**Rules**

Federal Rule of Bankruptcy Procedure 7001 ........................................................................ 9

Federal Rule of Bankruptcy Procedure 7012 ................................................................ 1, 2, 3

Rule 12(b)(6) .................................................................................................................. 1, 2, 3

Rule 17(a)(1 ............................................................................................................................ 4

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## I. INTRODUCTION

This action  In addition to already cramming down the interest rate and the value of a 1.2 million dollar loan, Allana Baroni (**plaintiff**) is now attempting to shirk all of her contracted-for loan obligations by asserting the same meritless allegations of securitization improprieties against each of her creditors.  Securitization of the loan does not absolve a borrower of her obligations, and borrowers lack standing to challenge or enforce the pooling and servicing.  Plaintiff admits that her loan was sold to the Trust and plaintiff admits that BNY is the trustee of the Trust.  Plaintiff only disputes whether there was strict compliance with the terms of the applicable pooling and servicing agreement (**PSA**) to which BNY is a party but plaintiff is not.  Since plaintiff is neither a party nor a third party beneficiary to the PSA, she lacks standing to assert claims based on alleged non-compliance with the PSA.

As the Trust owns the subject loan, and BNY is trustee of the Trust, BNY has authority to enforce the subject promissory note and prosecute the claim for which it gave notice.  The main purpose of ensuring a party is a real party in interest is to prevent multiplicity of lawsuits and numerous parties from attempting to collect the debt.  The deadline for filing the proofs of claim has passed.  BNY, as trustee for the Trust, is the only party that submitted a claim to the subject property and the only party to have claimed an interest in the subject loan.  If required, BNY can produce the original note, which is being held by its loan servicer, who acts as its custodian of records.  There is no legitimate question as to BNY's authority to enforce the subject promise note.  Plaintiff is attempting to obtain a house without repaying over one million dollars she borrowed, as evidenced by the fact that she filed virtually identical complaints against each of her creditors.

Plaintiff's claims fail as a matter of law because courts have held that the trustee of a securitized loan trust is the real party in interest, plaintiff admits that BNY is trustee of the Trust which owns her loan, and plaintiff lacks standing to assert claims

based on the PSA. BNY respectfully requests the court dismiss plaintiff's FAC with prejudice.

## II. STATEMENT OF FACTS

On or about June 27, 2006, plaintiff and James Baroni, made, executed and delivered to Countrywide Home Loans, Inc. (**Countrywide**) a promissory note in the principal sum of $1,248,000.00 (the **Note**), the performance of which is secured by a Deed of Trust to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. and its successors and assigns (**Deed of Trust**). (FAC, ¶¶ 5, 10; Request for Judicial Notice (**RJN**), Ex. 1.) The loan evidenced by the Note and the Deed of Trust is referred to herein as the **Subject Loan**.

Subsequently, the Subject Loan was sold to a trust pool, to which BNY is the successor trustee to JP Morgan Chase Bank. The trust pool purchased various mortgages, including the Subject Loan. In connection with the sale of the Subject Loan, Countrywide indorsed the Note in blank, thereby converting the Note into a bearer instrument, and transferred possession of the Note to the trust pool.

In 2006, Structured Asset Mortgage Investment II Inc. (**SAMI**) as depositor, JP Morgan Chase Bank as Trustee and others entered into a pooling and servicing agreement (PSA) thereby creating the Trust. A mortgage loan purchase agreement was subsequently entered into whereby SAMI agreed to purchase certain conventional adjustable rate, first lien mortgage loans. Pursuant to the PSA, Bank of America had the contractual right and responsibility to service certain Mortgage Loans including the Subject Loan. The servicing rights were later transferred to Specialized Loan Servicing, LLC (**SLS**), who maintains custody of the loan documents on behalf of BNY.

When plaintiff requested documents from BNY, BNY advised her that the trustees for securitized trusts were not typically the custodian of records. Plaintiff never followed up or requested documents from the custodian of records. Instead,

1  Plaintiff chose to use an excerpt from the correspondence sent in an attempt to create a
2  cause of action where none exists.
3      SLS maintains the documents, including the original Note on behalf of BNY,
4  who serves as trustee for the Trust that owns the Subject Loan. Nothing about this
5  standard arrangement gives plaintiff the right to shirk a 1.2 million dollar debt.
6      On November 22, 2011, an Assignment of Deed of Trust was recorded reflecting
7  that Mortgage Electronic Registration Systems, Inc. had assigned all beneficial interest
8  under the deed of trust together with the Note to BNY as successor trustee of the Trust.
9  (RJN, Ex. 2.)

## III.   PLAINTIFF'S CLAIMS ARE DEFICIENT AND MUST BE DISMISSED WITH PREJUDICE

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 12 is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Likewise, courts are not bound by, nor will inferences of truthfulness be given to, unreasonable inferences and unwarranted deductions of fact. *See, e.g., Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). The Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If an allegation within the complaint contradicts facts that are judicially noticed, such as matters of public record, a court need not accept those alleged facts as true. *Mora v. Harley-Davidson Credit Corp.*, No. 08-01453, 2009 WL 1953433, at *2 (E.D. Cal. July 7, 2009). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.  BNY Is The Real Party In Interest Because It Is Entitled To Enforce The Note**

Plaintiff alleges that BNY has not provided any documents showing it is the real party in interest to support its claim in the bankruptcy case. (FAC, ¶¶ 11-13.) Federal Rule of Civil Procedure 17(a)(1) provides in pertinent part: "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest requirement was "designed to allow an assignee to sue in his own name…That having

been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Notes of Advisory Committee on 1966 Amendments to Rule 17. *See also U-Haul Int'l, Inc. v. Jartran, Inc.,* 793 F. 2d 1034, 1039 (9th Cir.1986) (quoting Advisory Committee Notes to the 1966 amendment of Rule 17).

The standard for establishing standing as a real party in interest is lower when a party merely files a proof of claim rather than seeks relief from the automatic stay. *Veal v. American Home Mortgage Servicing Inc.* (*In re Veal*) 450 BR 897 (BAP 9th Cir. 2011). A claimant has standing to prosecute a proof of claim involving a negotiable promissory note secured by real property if, under applicable law, it is a "person entitled to enforce the note" as defined by the Uniform Commercial Code. *Id.* The real party in interest inquiry focuses on whether the movant holds the rights it seeks to redress.

Article 3 provides a comprehensive set of rules governing the obligations of parties on a promissory note and addresses who may enforce those obligations. *See* UCC § 3-102; Miller & Harrell, *supra,* § 1.02. "Contrary to popular opinion, **these rules do not absolutely require physical possession of a negotiable instrument** in order to enforce its terms. Rather, Article 3 states that the ability to enforce a particular note…is held by the 'person entitled to enforce' the note." UCC § 3-301; *In re Veal*, 450 B.R. at 910 (emphasis added).

One of the ways an entity can become a "person entitled to enforce" a negotiable instrument is by attaining the status of a "nonholder in possession of the [note] who has rights of the holder." UCC 3-301(ii). A person becomes a nonholder in possession if the physical delivery of the note to that person constitutes a "transfer" but not a "negotiation." Under the UCC, a "transfer" of a negotiable instrument "vests in the transferee any right of the transferor to enforce the instrument." UCC § 3-203 (b). As a result, if a holder transfers the note to another person through a sale of notes in

bulk without individual indorsement of each note, that person obtains from the holder the right to enforce the note even if no negotiation takes place. *In re Veal*, 450 B.R. at 910-911.

If a loan has been securitized, the real party in interest is the trustee of the securitization trust, not the servicing agent. See, *LaSalle Bank N.A. v. Nomura Asset Capital Corp.,* 180 F.Supp.2d 465 (S.D.N.Y. 2001); accord, *LaSalle Bank N.A. v. Lehman Bros. Holding, Inc.,* 237 F.Supp.2d 618 (D.Md. 2002). This rule does not turn on who is in possession of the note.

In this case, it is undisputed that BNY is the trustee of the Trust. Therefore, BNY is the real party in interest with authority to enforce the note and prosecute the valid proof of claim. Countrywide indorsed the note in blank and transferred it the Trust. BNY is the successor trustee to that Trust and obtained the right to enforce the Note. *See In re Veal*, 450 B.R. at 910-911.

The recorded assignment of the beneficial interest under the deed of trust together with the Note and obligations therein described to BNY also establishes BNY's right to enforce. (RJN, Ex. 2.)

### C. Securitization Does Not Affect BNY's Right To Enforce The Note

#### 1. Plaintiff Lacks Standing To Challenge the Pooling and Servicing Agreement

Plaintiff asserts that securitization of the Note was flawed so BNY lacks authority to enforce the Note and submit a claim. (FAC, ¶¶ 14-21.) Courts routinely reject these arguments and hold that a borrower, such as plaintiff, lacks authority to challenge a pooling and servicing agreement. *Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-39680-JFW (JCx), 2011 WL 3157063, at *6 (CD. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor [in] the loan trust."); *Sami v. Wells Fargo Bank, et al.* (N.D. Cal. 2012) 2012

WL 967051 at *4-6 (finding borrower has no standing to challenge violations of the terms of a Pooling and Service Agreement as improper securitization); *Junger v. Bank of America* (C.D. Cal. 2012) 2012 WL 603262 at *3 (finding that the fact that plaintiff was not a party to the PSA undermined any standing plaintiff might have to challenge the PSA); *In re Correia* (1st Cir. 2012) 452 B.R. 319, 324 (holding that debtors, as non-parties to the PSA, lack standing to challenge mortgage agreement where challenge is based on non-compliance with a PSA).

In this case, plaintiff's entire FAC rests on the assumption that BNY is not the real party in interest because it failed to comply with the terms of the PSA. (See FAC, ¶¶ 14-21.) Plaintiff lacks standing to assert claims based on alleged noncompliance with the terms of the PSA. In asserting claims based on noncompliance with the terms of the PSA, plaintiff admits that the loan was sold to the Trust, for which BNY acts as trustee. (FAC, ¶ 14.) Even if BNY did not comply with the PSA terms (which it did), plaintiff concedes that the BNY is the trustee of the Trust which acquired the Subject Loan. As a matter of law, BNY would still be the real party in interest with authority to prosecute the claim because the Note was actually transferred to the Trust and BNY maintains the ability to enforce the Note. *See In re Veal*, 450 B.R. at 910; *LaSalle Bank N.A. v. Nomura Asset Capital Corp.,* 180 F.Supp.2d 465.

### 2. **Securitization Has No Effect on Plaintiff's Obligations**

Courts have also held that securitization does not change the relationship of the parties. "[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way. *Reyes v. GMAC Mortg. LLC*, No. 11-0100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 10-CV-375, 2010 WL 4788209, at *2 (D. Utah Nov. 16, 2010)). Relating to the right to foreclose, the alleged "securitization of the loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Logvinov v. Wells Fargo Bank*, 2011 WL 6140995, at *3 (N.D. Cal. 2011); *see*

*also Nguyen v. Bank of Am. Nat'l Ass'n*, No. 11-3318, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) (securitization of mortgage loan does not provide mortgagor with cause of action); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (under California law, parties do not lose their interest in a loan secured by deed of trust when it is assigned to a trust pool). Plaintiff is not entitled to invalidate the Subject Loan merely because it was securitized.

Plaintiff's deed of trust even explains "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (*See* plaintiff's Exhibit A to FAC, page 36 of 68 (Doc 9 in this action.)  By signing the deed of trust plaintiff agreed the note could be sold without notice to her. (FAC, ¶ 10.). Securitization or sale of the Subject Loan into a securitized trust is a circumstance plaintiff understood was permitted.

### 3.  **No Other Party Has Sought To Enforce This Lien**

The primary purpose of the real party in interest doctrine is to ensure that the estate does not pay funds to a stranger in the case. *In re Veal*, 450 B.R. at 920. It is not to provide a debtor plaintiff with a free house or relieve her of her contracted-for obligation. Here, BNY is the only party who has claimed any right to to collect funds on this loan. This is unlike the typical action when the servicer attempts to collect the funds and there is a possibility that the owner or investor could seek payment at a later date (as was the case in *In Re Veal*). BNY is the trustee of the Trust, the holder of the Note for purposes of the UCC, and the party entitled to enforce the Note. There is no possibility of a third party legitimately seeking payment at a later date. Therefore, the primary purpose of the real party in interest doctrine is satisfied. Should the Court find that BNY lacks authority as the real party in interest, plaintiff will obtain a $1.2 million dollar house for free, which is not the purpose of the real party in interest doctrine.

///

///

///

### D.   Plaintiff's Individual Causes Of Action All Fail

#### 1.   Plaintiff's First Claim for Declaratory Relief Fails

Plaintiff's claim for declaratory relief under Federal Rule of Bankruptcy Procedure 7001 seeks an order that BNY has no right or interest in plaintiff's Note, Deed of Trust or the Property. (FAC, ¶ 28.) Plaintiff's declaratory relief claim is based on her misguided belief that the securitization of her loan without permission renders the loan unenforceable. Plaintiff contends that "that a real and actual controversy exists as to the respective rights of the parties to this matter including ownership of the liens against the Property." (FAC, ¶ 27.) Declaratory relief is not an independent claim but a form of relief. *See City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 480 (2008) ("Proceedings for declaratory relief generally sound in equity"). As discussed above, the substantive arguments regarding securitization upon which plaintiff bases her request for declaratory relief are meritless. The request for declaratory relief should be dismissed accordingly.

#### 2.   Plaintiff's Second Claim for Unjust Enrichment Fails

Plaintiff alleges that BNY has somehow been unjustly enriched by collecting payments it is not entitled to. (FAC, ¶ 39.) In support for this contention, plaintiff points to the same failed arguments regarding noncompliance with the PSA as well as purported requirements in investor prospectuses. (FAC, ¶¶ 34-38.) Plaintiff's claim fails. The investor prospectuses are irrelevant. Plaintiff does not allege to be an investor in the loan trust. *See Bascos*, 2011 WL 3157063 at *6 (no standing to challenge the validity of the securitization of the loan when not an investor). Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,' rather than a remedy itself. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004). Plaintiff has not alleged any unjust enrichment by BNY. Plaintiff took out the Subject Loan in 2006 and is obligated to make the agreed upon payments. The existence of a securitized loan pool does not relieve plaintiff of

her repayment obligations. Such a result would constitute $1.2 million in unjust enrichment to plaintiff.

### 3. Plaintiff's Third Claim for Violation of 15 U.S.C. § 1692 Fails

Plaintiff alleges BNY violated the Fair Debt Collection Practices Act (FDCPA) by attempting to collect on plaintiff's Note under the false pretenses that BNY was assigned plaintiff's debt when in fact it was not. (FAC, ¶ 43.) This claim fails because BNY is not a debt collector for purposes of the statute, and even if it was, plaintiff does not sufficiently articulate the harm she has allegedly suffered.

"To be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of a debt collector." *Heintz v. Jenkins*, 541 U.S. 291, 294 (1995). The definition of "debt collector" under the FDCPA does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another **to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person**…." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). The FDCPA regulates collection activity by debt collectors, not creditors. *Thomas v. Law Firm of Simpson & Cyback*, 392 F.3d 914, 916-917 (7th Cir. 2004).

Here, BNY cannot be deemed a "debt collector" because plaintiff does not allege her loan was in default at the time BNY obtained the loan. *See, e.g., Agbabiaka v. HSBC Bank USA Nat. Ass'n* No. C 09-05583 JSW, 2010 WL 1609974, at *5 (N.D. Cal. Apr. 20, 2010); *Hepler v. Wash. Mut. Bank, F.A.*, 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009). Plaintiff's residential loan is not a "debt" for purposes of the statute either. *See Fuentes v. Deutsche Bank*, No. 09 Civ. 502 JM (PCL), 2009 WL 1971610, at *3 (S.D.Cal. July 8, 2009). In *Perry v. Stewart Title Co.*, the Fifth Circuit conclusively determined the legislative history of Section 1692a(6) indicates a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. 756 F. 2d 1197, 1208 (1985). That holding frequently has been followed by California

courts. *See*, *e.g.*, *Pineda v. Saxon Mortg. Servs., Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008).

"A claim cannot arise under the FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." *Agbabiaka*, 2010 WL 1609974, at *5 (quotation and citations omitted); *see also Nicosia v. Wells Fargo Bank*, No. C 10-0398 PJH, 2010 WL 2720946, at *1 (N.D. Cal. July 7, 2010); *Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. July 18, 2008). Indeed, "[t]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Walker v. Equity 1 Lenders Group*, No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009). Even if the FDCPA applied, there is nothing in the complaint to suggest that BNY violated it.

Plaintiff's vague allegations that "multiple parties may seek to enforce the debt obligation" is frivolous. (FAC, ¶ 53.) The deadline for filing proofs of claim has passed. BNY, as trustee for the Trust, is the only party that submitted a claim to the subject property and the only party which claimed an interest in the Subject Loan. Plaintiff's allegation that "title has been clouded" is nonsensical. Plaintiff still owns the property and plaintiff does not explain how title is possibly clouded by virtue of the lien. The contention that plaintiff has been or will be "paying the wrong party" are rebutted by the recorded documents showing the assignment of the deed of trust to BNY and addressed by statute. Borrowers are protected from liability for payments made to a previous loan servicer before the borrower receives written notice of the service transfer. See *Civil Code* § 2937. The fact that plaintiff has expended any legal fees in pursuit of her baseless claims against BNY is no fault but her own.

///
///
///

### 4. Plaintiff's Fourth Claim Under *Business & Professions Code* § 17200, et seq. Fails

Plaintiff alleges that BNY engaged in unfair competition by acting as a beneficiary without the legal authority to do so. (FAC, ¶ 59.) California's Unfair Competition Law (**UCL**), *Business & Professions Code* § 17200, et seq. The UCL establishes three forms of unfair competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent. *Cel-Tech Comm. Inc., v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (1999). In order to maintain a claim under the UCL, a plaintiff must have suffered an injury-in-fact and lost money or property as a result of the defendant's actions. *Business & Professions Code* § 17204; *Birdsong v. Apple, Inc.*, 590 F. 3d 955, 959-960 (9th Cir. 2009). Facts supporting a UCL claim must be pleaded with reasonable particularity. *Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619 (1993). Plaintiff's UCL claim fails to meet these standards and should be dismissed.

Plaintiff claims in wholly conclusory terms that "Defendant facilitated, aided, and abetted the illegal, deceptive and unlawful enforcement of Plaintiff's Note and Mortgage and engaged in other illegal debt collection activities." (FAC, ¶ 60.) Plaintiff completely fails to identify with any particularity what the wrong acts were, the dates when the allegedly wrongful acts occurred, or any persons who undertook those acts. The claim is woefully generic and does not satisfy the "reasonable particularity" pleading standard. *See Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 857 (2002). Plaintiff makes no effort to articulate how BNY is liable for violations of the statute. It is unclear what specific conduct plaintiff is alleging constitutes unfair competition. Vaguely referring to "illegal" or "deceptive" activities falls well short of meeting the pleading requirement necessary for a UCL claim. The UCL claim is derivative of plaintiff's other baseless claims and fails for the same reasons.

To the extent plaintiff intends to rely on the "fraudulent" conduct prong in asserting her UCL claim, plaintiff has not satisfied her pleading requirements. Fraud

must be alleged with meticulousness and specificity. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004). Under the heightened pleading standard, a plaintiff must allege: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 73 (1990). Plaintiff sets forth no allegations to satisfy these elements.

Plaintiff also cannot allege any cognizable injury-in-fact. Plaintiff's UCL claim contains no specific allegations of injury or harm suffered. Plaintiff merely refers to unspecified "pecuniary damages" and repeats the same allegations of her unjust enrichment claim. (FAC, ¶¶ 74-75.) No injury-in-fact was suffered as a result of *BNY's* conduct. Even if plaintiff properly alleged damages, such damages were self-inflicted.

## IV.  CONCLUSION

BNY respectfully requests this Court to reject plaintiff's frivolous challenge to BNY's claim and dismiss plaintiff's FAC with prejudice.

Dated: July 11, 2013

**AKERMAN SENTERFITT LLP**

By: */s/ Christopher R. Fredrich*
Christopher R. Fredrich
Attorneys for Defendant
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Akerman Senterfitt LLP, 725 S. Figueroa Street, 38th Floor, Los Angeles, California 90017

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ADVERSARY COMPLAINT FILED BY DEFENDANT THE BANK OF NEW YORK MELLON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 11, 2013** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael S. Riley, Esq, mriley8@aol.com, *on behalf of Debtor/Plaintiff Allana Baroni*

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 11, 2013**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ian Landsberg, Esq.
Ian Landsberg & Associates
5950 Canoga Ave Suite 605
Woodland Hills, CA 91367
Telephone: (818) 855-5900
Facsimile: (818) 855-5910
*On behalf of Debtor Allana Baroni*

*Served by U.S. mail*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 11, 2013 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Judge Alan M. Ahart, Courtroom 303
U.S. Bankruptcy Court - Central District
21041 Burbank Boulevard
Woodland Hills, California 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/11/2013 | Christopher R. Fredrich | /s/ Christopher R. Fredrich |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

{26698638;1}    14    **CASE NO. 1:13-AP-01072-AA**
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ADVERSARY COMPLAINT FILED BY DEFENDANT THE BANK OF NEW YORK MELLON**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342